IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 19-00230-KD-N |
| | ) | |
| SANDY FROST, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion for summary judgment (Doc. 20) and Defendants' Response (Doc. 22).[1]

**I.     Findings of Fact**[2]

This is a copyright infringement claim about a 2000 photograph of the Indianapolis skyline taken by Plaintiff Richard N. Bell (Bell)[3] and allegedly used on a website by Defendants Sandy Frost (Frost) and Roberts Brothers, Inc. (RB).  Per Bell, he composed, created, and copyright-registered a 2000 photograph of the Indianapolis skyline (the photograph).  Bell first published the photograph in August 2000 via the online service Webshots, later published the photograph at richbellphotos.com (on-line photo gallery created via SmugMug), and since 2004, sold

---

[1] Defendants have notified the Court that they plan to file a separate motion for summary judgment as well.  (Doc. 22 at 10 at note 1).  Additionally, while Bell was given the opportunity to file a Reply by 8/5/19 (Doc. 21), no Reply was filed.

[2] The facts are taken in the light most favorable to the non-movant.  Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).  The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case."  Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

[3] Counsel of record in this case.  As his co-counsel withdrew, Bell is now the only counsel.

1

commercial license(s) for the photograph. On August 4, 2011, Bell registered his copyright in the photograph with the U.S. Copyright Office, Registration #VA0001785115.

As alleged in the Complaint, in December 2017, Bell discovered unauthorized use of the photograph at https://www.realtor.com/realestateagents/sandy-frost_8525_391994788 (webpage), which featured the photograph on a page advertising Frost's real estate business with RB and contained a copyright notice reading "©1995-2019 National Association of REALTORS and Move, Inc. All rights reserved." Per Bell, publicly available ICANN WHOIS and GoDaddy WHOIS records as of July 1, 2019, reflect: the domain REALTOR.COM was registered with domain registrant uniregistrar.com the registrant of the domain was REALTORCOM; the Name Servers for the website located at the domain are <BUY.INTERNETTRAFFIC.COM> and <SELL.INTERNETTRAFFIC.COM>, indicating uniregistrar.com hosts the <REALTOR.COM> website; and within REALTOR.COM, Frost controls the webpage. Bell claims that Frost and RB have complete control of the website and webpage (create, maintain, authorize use of the photograph, etc.). On December 14, 2017, Bell notified Frost in writing about the infringement on the photograph and demanded payment for unauthorized use; Frost refused. Bell also demanded that Frost remove the photograph from her website; the photograph was not removed. As of April 19, 2019, Frost's webpage still featured the photograph. Bell initiated this copyright infringement action against Frost and RB on May 10, 2019. (Doc. 1).

In contrast, Defendants contend neither Frost not RB created, controlled, authorized and/or maintained the website/webpage. Rather all of this was accomplished by realtor.com, without Frost input or knowledge. (Doc. 22-1 (Aff. Frost); Doc. 22-2 (Aff. Dennis)).

Defendants also contend that the claims against Frost and RB have been previously

released. Defendants explain that Bell filed an identical claim against the National Association of Realtors regarding the same photograph in the Southern District of Indiana. The case was dismissed with prejudice after Bell settled for $15,000. In return for the settlement award, Defendants contend that Bell released the National Association of Realtors and its members from any liability for the use of the photograph. Frost and RB are members of the National Association of Realtors.

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c) provides as follows:

> *(c) Procedures*
> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

### III.  Discussion

Title 17 U.S.C. § 101 *et seq.* governs copyrights. As set forth by the Eleventh Circuit in Pohl v. MH Sub I LLC, 770 Fed. Appx. 482, 486 (11th Cir. 2019):

> To establish a claim of copyright infringement, a plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991). To satisfy Feist's first prong, a plaintiff must prove that the work is original and that he complied with applicable statutory formalities for copyrights. Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541 (11th Cir. 1996). A certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c)…..

4

Defendants do not dispute that Bell owns a valid copyright in the photograph. Instead, Defendants dispute the second prong. Specifically, Defendants contend that they had nothing to do with the photograph's use on the webpage/website on realtor.com. (Doc. 22-1 (Aff. Frost); Doc. 22-2 (Aff. Dennis)). Specifically, they deny that they Bell's contentions that they "created or authorized Realtor.com to create the Frost website" or that they "still today maintains access and control over the site."

This case is in its early stages, with only the preliminary scheduling order having issued on June 28, 2019 (no Rule 16(b) Scheduling Order has issued). At this juncture, per Defendants, no discovery has been conducted by Bell, and he has not responded to Defendants' discovery. This inevitably results in two (2) battling versions of events, facts, and claims on summary judgment. Further complicating matters is Defendants' reference to the existence of a *separate* federal copyright infringement case, *involving the same photograph*, through which Bell may have released any and all claims against members of the National Association of Realtors related to the photograph -- which would include RB and Frost.

Regardless, on summary judgment Bell provides only one (1) item of evidentiary support for his core claim -- his own Declaration. (Doc. 20-2 (Decltn. Bell)). As noted *supra*, Bell's core claim is that the Defendants created or authorized realtor.com to create the website/webpage and that they maintain access/control over same -- using his photograph. (Doc. 20-2 at 3 at ¶11 (Decltn. Bell)). Bell's Declaration asserts such is based on his "firsthand knowledge" of "the facts stated" in same. However, there is no indication that Bell has *any* firsthand knowledge of Defendants having created or authorized use of the photograph in this manner. Rather, this appears to be pure speculation and/or conjecture, in an attempt to establish the absence of any issues of material fact.

5

The result is that Bell has failed to discharge his burden as the movant: "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Thus, "the motion must be denied and the court need not consider what, if any, showing the non-movant has made. *Coats & Clark*, 929 F.2d at 608." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993). See also Givens v. Saxon Mortg. Servs., Inc., 2014 WL 2452891, *3 (S.D. Ala. Jun. 2, 2014) (same); CSX Transp. v. Cooper Marine & Timberlands Corp., 2009 WL 1789391,*2 (S.D. Ala. Jun. 24, 2009) ("Because they did not meet their initial burden, no responsive burden passed…[to the non-movant.]"). In other words, Bell's failure forecloses summary judgment, and results in a failure to shift the burden to Defendants.

Even assuming *arguendo* the burden shifted to Frost and RB, genuine issues of material fact exist. Indeed, the *basic* facts of this case tied to the elements for a copyright infringement claim are vehemently disputed (whether Defendants created, controlled, authorized and/or maintained the website/webpage using the photograph). (Doc. 22-2 (Aff. Frost); Doc. 22-1 (Aff. Dennis)). Notably, per RB, it did not create the website/webpage, did not request that anyone do so, it did not authorize its creation, and it never requested use of the photograph. (Doc. 22-1 at 2 (Aff. Dennis)). Per Frost, she did not set up her website, she did not reproduce the photograph, she did not deliver a finished website containing the photograph to realtor.com, she did not pay realtor.com to host the website, she had never viewed the website and did not know it existed until April 2019, she did not create, maintain or edit the website, and she did not "at any point" have ongoing access to control of the website. (Doc. 22-2 at 2-4 (Aff. Frost)).

Moreover, whether Bell has released any claim against defendants regarding this photograph is also in dispute. This is due to the Defendants' contention that Bell previously released copyright infringement claims against the National Association of Realtors (and its members), relating to the same photograph on realtor.com, as part of a settlement of a federal case in the Southern District of Indiana. (Doc. 22-4 (Settlement Agreement)).

Accordingly, it is **ORDERED** that Bell's motion (Doc. 20) is **DENIED.**

**DONE** and **ORDERED** this the **8th** day of **August 2019.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**