# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RICHARD N. BELL,  )  | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION: 1:19-00230-KD-N |
| ) | |
| SANDY FROST, *et al.*,  ) | |
|     Defendants.  ) | |

## ORDER

This matter is before the court on Defendants' motion for attorney's fees and costs (Doc. 38); Plaintiff's opposition to Defendants' motion (Doc. 40); and Defendants' reply to Plaintiff's opposition. (Doc. 41).

### I.    Background

This is a copyright infringement claim regarding a 2000 photograph of the Indianapolis skyline taken by Plaintiff Richard N. Bell (Bell). Bell alleges the photograph was used without his permission on a website by Defendants Sandy Frost (Frost) and Roberts Brothers, Inc. (RB) (and Defendants). According to Bell, he published the photograph in August 2000 via the online service Webshots and since 2004, Bell sold commercial license(s) for the photograph. Bell registered his copyright in the photograph with the U.S. Copyright Office in 2011.

As alleged in the complaint, Bell discovered the unauthorized use of his photograph at https://www.realtor.com/realestateagents/sandy-frost_8525_391994788 (webpage). Per Bell, Frost and RB has complete control over both the website and webpage. On December 14, 2017, Bell notified Frost in writing about the infringement on the photograph and demanded payment for unauthorized use; Frost refused. Bell also demanded that Frost remove the photograph from the website; the photograph was not removed. As of April 19, 2019, Frost's webpage still featured

the photograph. Bell initiated this copyright infringement action against Frost and RB on May 10, 2019. (Doc. 1).

In contrast, Defendants contend neither Frost nor RB maintained, controlled, or authorized the webpage or website. Defendants contend the claims against Frost and RB were previously released because Bell filed an identical claim against the National Association of Realtors regarding the same photograph. Bell settled the claim for $15,000 and the case was dismissed with prejudice. Defendants contend that in return for the settlement award, Bell released the National Association of Realtors and its members from any liability for use of the photograph. Frost and RB are both members of the National Association of Realtors.

On summary judgment, this Court ruled, "the Court is satisfied that Defendants have presented unrebutted substantial evidence that Bell's current claims have been waived in the prior litigation." (Doc. 37 at 7). The settlement was "clear and unambiguous and is a full and expansive general release" that included the Defendants to this case. (Id.). This was the clear intention of the parties in entering the prior settlement agreement. Further, "Bell released any and all known/unknown claims, of every nature and kind, promised never again to assert any claim based on the photograph (yet improperly has via this litigation), and fully and forever settled all disputes/claims (then existing and/or in the future)." (Id.). On September 25, 2019, the Court granted Defendants motion for summary judgment. (Doc. 37).

Based on this, Defendants now seek attorney's fees and costs asserting that they are "prevailing party" under the Copyright Act. Specifically, Defendants seek an award of $20,882.80 in attorney's fees and costs pursuant to 17 U.S.C. § 505, Federal Rules of Civil Procedure 54, S.D. Ala. L. R. 54.3, against Bell (Doc. 38 at 1; Doc. 41 at 6). In support, Defendants submitted the

affidavit of attorney Troy T. Schwant (Doc. 38-2), a declaration of local counsel, Henry L. ("Max") Cassidy (Doc. 38-3), and billing records for this case (Doc. 38-1).

II. **Relevant Law**

The Copyright Act authorizes an award of attorney's fees to a prevailing party. 17 U.S.C. § 505; Malibu Media, LLC v. Pelizzo, 604 Fed.Appx. 879, 881 (11th Cir. 2015). "The amount of fees is determined in the court's discretion **and** in accordance with the 'Fogerty factors.'" Id. (citing Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) (emphasis added).

A. **Fogerty Factors**

"'There is no precise rule or formula for making these determinations.' But instead equitable discretion should be exercised." Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983). Factors such as the "frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence" may be used to guide the court's discretion. Fogerty, 510 U.S. at 534-35 n. 19. "However, the factors must be 'faithful to the purposes of the Copyright Act and [be] applied to the prevailing plaintiffs and defendants in an evenhanded manner.'" Thompson v. Looney's Tavern Productions, Inc., 2008 WL 11422450, *3 (N.D. Ala. 2008) (citing Fogerty, 510 U.S. at 535)). The Act's purposes are furthered if the awarding of fees "encourage[es] the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure" there are clear boundaries of copyright law. Mitek Holdings, Inc. v. Arce Engineering Co., Inc., 198 F.3d 840, 842 (11th Cir. 1999).

B. **Johnson Factors**

Pursuant to 17 U.S.C. § 505, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty, 510 U.S. at 534. "In this circuit, the reasonableness

3

of the attorney's fee award is controlled by consideration of the Johnson [v. Georgia Hwy. Exp., Inc., 488 U.S. F.2d 714, 717-19 (5th Cir. 1974) factors." Cable/Home Commc'ns Corp. v. Network Prod., Inc., 902 F.2d 829, 853 (11th Cir. 1990). See e.g., Mitek Holdings, 198 F.3d at 843 n.2 (analyzing the Johnson factors after finding fees were appropriate to determine the specific award). The Johnson factors considered to determine reasonable attorney's fees are:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Johnson, 488 F.2d at 717-19.

When considering the fees requested -- and as explained in Precision IBC, Inc. v. Phoenix Chemical Tech., LLC, 2017 WL 1404328, *1-2 (S.D. Ala. Apr. 19, 2017):

> "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract...." Jones v. Regions Bank, 25 So. 3d 427, 441 (Ala. 2009) (citations omitted)....Under Alabama law, such attorney's fees are recoverable; however, recovery is subject to Alabama's imposition of a reasonableness constraint on all fee shifting contracts, as a mat[t]er of public policy....
>
> The calculation of reasonable attorney's fees is within the sound discretion of the court. Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1187 (11th Cir. 1983); Kiker v. Probate Court of Mobile Cty., 67 So. 3d 865, 867 (Ala. 2010)...."'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433....(1983)). "The first step....is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." Martinez v. Hernando Cty. Sheriff's Office, 579 Fed.Appx. 710, 713 (11th Cir. 2014) (citing Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999)); see also Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) ("The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."). The party moving for fees bears the burden of establishing the

4

"reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Barnes, 168 F.3d at 427. The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

…the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary," or request fees for unsuccessful claims. Hensley, 61 U.S. at 434-35. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350. Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. See, e.g., Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Notably, "[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." Id. at 1303 (citations omitted).

The lodestar figure established by the Court may be adjusted in consideration of various factors that include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So. 2d 740, 749 (Ala. 1988)….

In determining the proper lodestar in this case, the undersigned first considers what hourly rates are reasonable and then what hours were reasonably expended in pursuing this matter. In so doing, the Court keeps in mind that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437...Adjustments may be made "as necessary[.]" Blum v. Stenson, 465 U.S. 886, 888 (1984).[1]

---

[1] Norman v. Housing Auth. of the City of Montg., 836 F.2d 1292 (11th Cir. 1988). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the court still must determine whether time was reasonably expended and if not, that time should be excluded. Id. While the "lodestar" method

5

"Courts in this district generally consider tasks such as mailing and telefaxing correspondence, making routine calls to clients, obtaining pleadings from the court's database and printing documents as secretarial functions." Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013). See Johnson v. TMI Mgmt. Sys., Inc., 2012 WL 4435304, *5 (S.D. Ala. 2012) (finding "telephone call to client re: scheduling appointment," "receipt and download of order," and "review of the Court's Order…" non-compensable); Oden, 2013 WL 4046456, *8 (S.D. Ala. 2013) (excessive time spent tracking down documents is not recoverable). See also Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," "preparing the civil cover sheet and summons," "receiving and indexing certified mail receipts," and "e-filing documents with the Court and receiving and indexing those documents" was not compensable time for the purposes of the fee petition).

## III. Discussion

### A. Fogerty Factors

#### 1. Bell's Subjective Motivation

Defendants assert the Bells' subjective motivation justifies the fees and costs because: "Bell attempted to receive a summary judgment in his favor…despite…being made aware that the claims against Frost and Roberts Brothers had been previously released." (Doc. 38 at 4). Defendants assert Bell "appears to be using the Courts as the machinery to perpetuate his business revenue model." (Id.). Further, Defendants emphasize that Bell is an attorney, not a layperson, who "attempted to recover a summary judgment against" defendants for a photograph Bell

---

effectively replaced Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the 12 Johnson factors "might still be considered in terms of their influence on the lodestar amount.

previously signed a release for. (Id. at 4-5). In response, Bell asserts Defendant Frost willfully infringed on his copyrighted work, refused to take the photograph down, and therefore the suit was not brought in bad faith.

As noted *supra*, the Court has already found that Bell waived his claims as to this photograph in the prior settlement agreement; that it was a "full and expansive general release" which included the Defendants; and the Court ruled there was no basis for Bell's case on summary judgment. (Doc. 37 at 7). Upon consideration of the Court's rulings and Defendants contentions, which are supported by the record, the Court finds that Bell asserted claims could not have been made in good faith considering the fact that Bell is an attorney and the prior release clearly applied to the claims in this case. As such, the subjective motivation prong weighs in favor of Defendants. See e.g., Dawes-Ordonez v. Forman, 418 Fed.Appx. 819, 820 (11th Cir. 2011) (finding district court's decision that party's unreasonable actions demonstrated a questionable subjective motivation not to be an abuse of discretion); Thompson v. Looney's Taven Productions, Inc., 2008 WL 11422450, *4 (N.D. Ala. 2008) (finding no rational basis for the plaintiff's copyright claims).

2.      **Frivolity of Plaintiff's Argument**

Defendants assert the frivolity justifies the fees and costs because: "[b]ased on the timing of when this case was filed, [less than one month after Bell entered the settlement agreement], it is patently clear that there was no factual basis for Bell's copyright claim against Frost and Roberts Brothers, and that the claims against them were frivolous." (Doc. 38 at 3). Bell counters that the suit was not frivolous because Frost willfully infringed on Bell's copyrighted photograph. (Doc. 40 at 5). Further, Bell alleges he did not understand Defendants to be covered by the previous settlement agreement. (Id. at 7). Bell contends that had he known the "NAR settlement covered Sandy Frost or any realtor, Bell would not have filed suit." (Id.).

7

As discussed *supra*, this Court thoroughly address Bell's claims and the terms of the settlement agreement in its summary judgment ruling. As noted in that ruling, the settlement agreement operated as a "full and expansive general release," for all future claims Bell has, "known or unknown." (Doc. 37 at 7). This agreement extended to Defendants. Bell improperly brought this action in direct contravention of the prior agreement. Upon consideration of the summary judgment ruling and Defendants contentions which are supported by the record, the Court finds the frivolity factor weighs in favor of defendants. See e.g., Malibu Media, LLC v. Pelizzo, 604 Fed.Appx. 879 (11th Cir. 2015) (upholding the district court's finding that the meritorious claim was not frivolous); Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 422 (1978) (explaining "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.").

3. **Objective Unreasonableness of Bell's Claim**

Defendants assert that the object unreasonableness of Bell's claims supports the award of fees and costs because: "pushed forward and attempted to recover a summary judgment against Frost and Roberts Brothers" despite knowing the entire time that Bell "had settled a claim with the National Association of Realtors for" the same photograph. (Doc. 38 at 5). Further, Defendants allege Bell failed to comply with local rules throughout this suit and then "attempted to simply remove his lawsuit from the court's docket without paying the defendants' attorney's fees that they had incurred" defending themselves in this suit. (Id.). Bell counters that he would not have brought this suit had be believed the prior settlement covered the defendants. (Doc. 40 at 8).

Further, Bell claims his motion to voluntarily dismiss the case after learning Defendant Frost was indeed covered by the prior settlement evidence the reasonableness of his actions. (Id.). Defendants reply challenges this assertion. In rebuttal, Defendants highlight that Bell only moved to voluntarily dismiss this case after summary judgment had been denied. (Doc. 41 at 2-3). Defendants respond that Bell was notified of Defendants membership in the NAR on July 29, 2019. (Id. at 2). Therefore, Defendants allege Bell's contention is "chronologically or factually" inaccurate. (Id. at 3).

The Court finds Defendants assertion supported by the evidence. This Court has already ruled Bell entered into the settlement agreement dismissing all claims now and in the future prior to initiating this lawsuit. And considering the plain language of the release, it was objectively unreasonable to file this lawsuit. Upon a review of the record and the Court's prior rulings, this objective unreasonableness factor also weighs in Defendants favor. See e.g., Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 422 (1978) (attorney's fees warranted when party continued to litigate after it was reasonable to do so).

4. **Considerations of Compensation and Deterrence**

Lastly, Defendants assert that considerations of compensation and deterrence justify the fees and costs. Per defendants, though they "were surprised when this suit was filed against them, once they learned that Bell had previously filed a suit against the Cystic Fibrosis Foundation, it became clear to defendants that Bell's use of the copyright laws to further his economic interests knew no limit or bounds of decency." (Id. at 6). Defendants allege that within weeks of settling his claim for his photograph with the National Association of Realtors, Bell filed this action asserting "the exact same claim" he had just settled. (Id.). In retort in rebuttal, Bell essentially claims there

is no need for deterrence or compensation because he "acted responsibly" and he "did not file this suit in bad faith." (Doc. 40 at 8-9).

"The Eleventh Circuit has held that under this Fogerty factor, 'in determining whether to award attorney's fees under § 505, the district court should consider not whether the losing party can afford to pay the fees but whether the imposition of fees will further the goals of the Copyright Act." Mitek Holdings,198 F.3d at 842. "A party that advances a reasonable position should not be deterred from doing so for fear that it will have to pay attorney's fees if it loses." Luken v. International Yacht Council, Ltd., 581 F.Supp.2d 1226, 1246 (S.D. Fla. 2008). The factors of compensation and deterrence are evaluated as "'inextricably intertwined' with the reasonableness and frivolity of [plaintiff's] claims." Malibu Media, LLC v. Pelizzo, 604 Fed.Appx. at 881.

As discussed *supra*, and as previously ruled, Bell's claims were found improper and frivolous. A review of the record indicates this factor too weighs in favor of an award of attorney's fees for Defendants. As such, Defendants are entitled to attorney's fees. Thompson v. Looney's Taven Productions, Inc., 2008 WL 11422450, *4 (N.D. Ala. 2008) (finding awarding defendants attorney's fees would deter the plaintiff from duplicative actions).

**B.     Johnson analysis**

As noted *supra*, the Court considers the Johnson factors to determine reasonable attorney's fees. This includes an assessment of the reasonable hours and reasonable rate. See e.g., Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (assessing appropriate attorney's fees); American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423 at 437 (11th Cir. 1999) (determining the reasonable hourly rate). In support of this, counsel Schwant has filed an affidavit specifically attesting to each of twelve (12) factors. (Doc. 38-2). The Court has considered this attestation in its ruling. Now, the Court turns to the specific rate and times requested.

1. **Reasonable Rate**

As the party requesting fees, Defendants bear the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. Barnes, 168 F.3d at 427 (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed[]'"). Additionally, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Moreover, this Court's prior awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this district for attorneys of reasonably comparable skill, experience, and reputation to the attorney seeking an award of fees. Langford v. Hale Cty. Ala. Comm'n, 2016 WL 4976859, *3 (S.D. Ala. Sept. 16, 2016).

Defendants seek to recover $225 per hour for counsel Troy T. Schwant. In support, Defendants submitted the affidavit of counsel Schwant attesting to the reasonableness of his fees. (Doc. 38-2). The relevant market rate is Mobile, Alabama. Defendants submitted the standard declaration from local counsel, Henry L. ("Max") Cassidy attesting to the reasonableness of Schwant's fees in the Mobile market. (Doc. 38-3).

The record reveals Schwant is an attorney with 18 years of experience. He was admitted to practice law in Alabama in September of 2001 and has practiced since. (Doc. 38-2 at 1-2). Schwant

is also admitted to practice law in Mississippi. (Id. at 2). Per the affidavit, Schwant has attested to the reasonableness of his rate "based upon [his] experience and familiarity with the prevailing hourly rate for non-contingent work in Mobile County, Alabama." (Id. at 3).

The Court has previously found as reasonable the rate of $225/hour for attorneys with 18 years of experience.[2] See Vision Bank v. Anderson, 2011 WL 2142786, *3 (S.D. Ala. 2011) (finding $250/hour reasonable for an attorney with 15 years of experience); McCants v. Fred's of Tennessee, Inc., 2011 WL 172900, *4 (S.D. Ala. 2013) (finding $250.00/hour reasonable for a partner with eleven years of experience); Goldsby v. Renosol Seating, LLC, 2013 WL 6535253, *9 (S.D. Ala. 2013) ([T]his Court's customary hourly rates for attorneys ... ranges from $250.00 to $300.00 for more experienced and qualified attorneys[.]"). Upon consideration, the Court awards—as reasonable—**$225/hour** for Schwant.

**B.      Reasonable Hours**

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding a fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

The Court has reviewed the time billed, 91.7 hours, by attorney Schwant. (Doc. 38-1). (Id. at 3, 6, 8, 10). A review of the billing record does not reveal excessive, redundant or unnecessary

---

[2] Although this Court does not give controlling weight to prior awards, those awards are relevant and instructive in deteremining the appropriate hourly rate in this market.

hours. The billing records support a finding of reasonable hours billed. Additionally, per the affidavit, Schwant attested to the reasonableness of the hours billed (Doc. 38-2). Thus, the Court finds reasonable the **91.7 hours** billed by Schwant.

C. **The Lodestar**

"For decades the law in this circuit has been that '[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Norman, 836 F.2d at 1303. Accordingly, "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the [appellate] court may make the award on its own experience." Id. The lodestar figure established may be adjusted by consideration of various factors discussed *supra*.

Based on the foregoing, the Court awards **$20,632.50** in fees to Troy T. Schwant for 91.7 hours at a $225/hour rate.[3]

D. **Costs**

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Defendants prevailed on via the Court's granting of its motion for summary judgment. (Doc. 25). Defendants seek to recover **$250.30** for costs incurred from May 2019-October 2019 for the following expenses: $31.50 clerk fee, $1.20 photographs/reproductions, $61.20 Thompson West online research, $0.50 PACER research, $5.90 postage, and $150.00 on Overhauser Law Offices. (Doc. 38-1 at 3, 6, 8, 10). Such fees have been awarded as recoverable

---

[3] In the reply Defendants references additional fees ($1350 in fees in the reply (time billed to file/work on the reply)) since filing this motion. See also (Doc. 38 at 7 (anticipating incurring an additional $1350 if filing a Reply is needed)). However, they fail to attach billing records in support.

and reasonable in this court. See e.g. Wells Fargo Bank N.A. v. Peterson Produce, Inc., 2018 WL 7286505, *5 (S.D. Ala. 2018) (finding filing fees and postage recoverable); Developers Surety and Indemnity Company v. Renew Maintenance & Construction, Inc., 2018 WL 6185999, *13 (S.D. Ala. 2018) (finding filing fees recoverable); Terry Props., Inc. v. Standard Oil Co., 799 F.2d 1523, 1540 (11th Cir. 1986) (allowing recovery of reasonable costs of online research). Upon consideration, the Court finds that the costs requested by Defendants are reasonable and recoverable.

**VI.  Conclusion**

Accordingly, it is **ORDERED** that Defendants' motion for attorney's fees and costs (Doc. 38) is **GRANTED**. The Court awards $20,632.50 in fees and $250.30 in costs.

A Final Judgment consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **20th** day of **December 2019.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT**